**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3040-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT SMALL,

    Defendant-Appellant.

_____

Submitted June 5, 2019 – Decided July 3, 2019

Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 05-10-3971.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Nancy Philion Scharff, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Robert Small represented himself during the jury trial that resulted in his convictions for first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a) (count one); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count two); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count three); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count four); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count five). On January 25, 2008, defendant was sentenced as a persistent offender, N.J.S.A. 2C:44-3(a), to an aggregate thirty-five year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2(a).

On November 17, 2017, the Honorable Frederick J. Schuck, J.S.C., denied defendant's petition for post-conviction relief. Judge Schuck attached to his order a detailed schedule explaining, as to each of defendant's twenty-five points of error contained in his pro se submissions, the bar to consideration found in the rules. Ten points were barred by Rule 3:22-4 ("any ground for relief not raised . . . in any appeal taken . . . is barred from assertion in a proceeding under this rule. . . ."). Rule 3:22-5 ("a prior adjudication upon the merits of any ground for relief is conclusive . . .") barred the remaining fifteen.

The appeal does not challenge – nor could it with any reasonable expectation of success – Judge Schuck's decision. Instead, defendant raises two points he did not argue to Judge Schuck. We affirm.

The brutal assault in this case, in which the victim suffered at least ten stab wounds, including one which caused his lung to collapse, occurred on May 23, 2005. Defendant's convictions were affirmed on direct appeal. State v. Robert Small, Docket No. A-3552-07 (App. Div. July 7, 2011). The Supreme Court denied defendant's petition for certification. State v. Small, 209 N.J. 232 (2012).

Of relevance to this decision is a misstatement by the prosecutor, concurred with by defense counsel during the argument on defendant's motion for self-representation. Initially, the court advised defendant that if convicted, he could be sentenced to seventy-eight years with forty-two and a half years of parole ineligibility. The prosecutor interrupted and said defendant was not eligible for extended term sentencing under the persistent offender statute, because he may have been only nineteen-years-old when one of the predicate offenses was committed. The judge then changed course, and advised defendant his exposure was twenty years for the attempted murder, twenty years for armed robbery, and ten years for aggravated assault, all subject to NERA. Later in the

3

hearing, the judge asked defendant to state his sentence potential. Defendant replied, "[twenty] years for attempted murder, [twenty] years for . . . armed robbery, [ten] years for . . . aggravated assault, . . . [five] years for . . . possession of a weapon. . . ." Defendant's motion was granted.

Some six months later, defendant's standby counsel, during a pretrial proceeding referred to the fact that if found to be a persistent offender, for which defendant "qualifies technically[,]" he could be sentenced to life, eighty-five percent of which would be served without parole. A few minutes later, counsel repeated that defendant could be sentenced to life.

Prior to trial, on several occasions, the judge asked defendant to confirm that he wished to continue to represent himself. Defendant reiterated his intent to do so in the strongest of terms. At one point, in pretrial hearings, the judge said to defendant "[t]he odds are you are going to go to jail for the rest of your life," to which defendant responded, "[c]orrect." Twice in that same proceeding, defendant referred to his potential maximum sentence as "a hundred years."

Turning to the PCR petition, PCR counsel filed a brief in which she argued an evidentiary hearing was necessary because the hearing transcript on defendant's motion to represent himself could not be located. Without it, no one could be certain that an adequate colloquy took place. The brief was withdrawn

4

because the transcript was located shortly before oral argument on defendant's PCR petition.

At oral argument, counsel said she was "authorized" by defendant to withdraw the brief, which had become moot because of the discovery of the transcript, but that he still wanted the judge to rule on the points raised in his PCR submission. She also mentioned that defendant had "authorized" her to make no oral argument in support of his pro se issues. Counsel added, toward the end of that hearing, that defendant had not asked her to raise any additional argument.

Now on appeal, defendant contends:

> POINT I - DEFENDANT'S CONVICTIONS MUST BE REVERSED BECAUSE APPELLATE AND PCR COUNSEL WERE INEFFECTIVE FOR FAILING TO RAISE DEFENDANT'S NOT KNOWINGLY AND INTELLIGENTLY WAIVING HIS RIGHT TO COUNSEL; IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF COUNSELS' INEFFECTIVENESS.
> (Not Raised Below).

> POINT II - THIS MATTER MUST BE REMANDED FOR A NEW PCR HEARING FOR COUNSEL TO ADVANCE

5

DEFENDANT'S CLAIMS.  (Not Raised Below).

We find no merit to these arguments.  R. 2:11-3(e)(2).

It is well established that in order for a defendant to obtain relief based on ineffective assistance of counsel, he must demonstrate not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial.  Strickland v. Washington, 466 U.S. 668, 687 (1984).   We are persuaded that the alleged deficiencies here clearly fail to meet either the performance or prejudice prongs of the Strickland test.  Defendant has not demonstrated any deficiency on the part of appellate or PCR counsel.

Defendant claims his appeal and PCR attorneys were ineffective because neither argued that his waiver of his right to counsel was not knowing and intelligent, because he was misinformed as to the length of any potential sentence.  Although we agree that there was a misstatement, as defendant was extended-term eligible, we do not agree that he did not know the risks of proceeding pro se.  This defendant was fully aware, as documented in the record, that he could spend the rest of his natural days in prison if convicted.  Not only did the judge say it to him, defendant said it himself.  Counsel cannot be faulted for failing to make arguments that would have failed.  See State v. DiFrisco, 174

6

N.J. 195, 236 (2002). Defendant knew the length of imprisonment he faced and was adamant that he wanted to represent himself.

In his second point, defendant contends PCR counsel was ineffective for failing to argue on defendant's behalf. We note that counsel had no real alternative but to withdraw her brief when, shortly before the PCR oral argument date, the transcript of the waiver hearing was discovered. Even a cursory review of the transcript establishes that defendant made a knowing, intelligent and voluntary waiver of his right to counsel after a searching inquiry by the trial judge. After defendant's motion was granted, the judge extended opportunities to proceed with counsel.

We also note that defendant "authorized" counsel not to argue in support of the twenty-five points he submitted in his pro se brief. Given that all those issues were either addressed on appeal, or could have been addressed on appeal, those arguments would have failed.

Neither point on appeal satisfies the first prong of <u>Strickland</u>. Neither point satisfies the second. Neither counsel's representation prejudiced defendant's right to a fair disposition. These arguments lack sufficient merit to warrant further discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-3040-17T1